IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT J. FORTE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:07-cv-00370-DB-PMW<br><br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1]

## BACKGROUND

Robert J. Forte ("Plaintiff") filed his complaint in this case on June 4, 2007.[2] On November 8, 2007, the court issued an order to show cause why this case should not be dismissed because more than 120 days had passed since the filing of Plaintiff's complaint, and he had not provided the court with the requisite proof of service to demonstrate that the summons and complaint had been served on each of the defendants named in his complaint.[3] *See* Fed. R. Civ. P. 4(*l*), (m). That order directed Plaintiff to respond to the court in writing within ten days to inform the court of the status of the case and his intentions to proceed. That order also warned

---

[1] *See* docket no. 6.

[2] *See* docket no. 1.

[3] *See* docket no. 8.

Plaintiff that failure to so respond would result in a recommendation to Judge Benson that this case be dismissed.

On November 19, 2007, Plaintiff filed a response to the court's order to show cause.[4] In that response, Plaintiff indicated that he had not filed the required proof of service because he was unaware of the proper procedures for service of the summons and complaint. Accordingly, Plaintiff requested an additional ninety days "to research and complete that which is due to the court." To that end, Plaintiff indicated that he would "further investigate the process and begin the proper procedures of filing a summons and complaint."

In an order dated November 30, 2007, the court granted Plaintiff's request for additional time to provide the court with the requisite proof of service.[5] The court provided Plaintiff with an extension for the reasons set forth in his response to the court's order to show cause and based upon his status as a pro se litigant. The court did not, however, provide Plaintiff with the ninety additional days requested. Instead, the court provided him with an additional sixty days from the date of the November 30, 2007 order. The court also notified Plaintiff that no further extensions would be granted and that failure to complete proper service within the additional sixty days would result in a recommendation to Judge Benson that this case be dismissed.

## ANALYSIS

In relevant part, rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the

---

[4] *See* docket no. 9.

[5] *See* docket no. 10.

> plaintiff—must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In the November 8, 2007 order to show cause, the court provided Plaintiff with the notice required by rule 4(m). *See id*. Based upon Plaintiff's response to that order, the court issued the November 30, 2007 order, in which the court determined that Plaintiff had shown good cause for his failure to complete service. Consequently, the court provided Plaintiff with an additional sixty days from the date of the November 30, 2007 order to complete service. *See id*. It is noteworthy that the practical effect of that extension was that Plaintiff was allowed a total of approximately eight months from the date his complaint was filed to complete service, which is roughly twice the amount of time provided by rule 4(m). *See id*. Although the court determined that an extension of time was appropriate, it specifically notified Plaintiff that no further extensions would be granted and that failure to complete proper service within the additional time provided by the court would result in a recommendation to Judge Benson that this case be dismissed.

As of the date of this report and recommendation, the above-referenced sixty-day extension of time has expired, and Plaintiff has still not filed the requisite proof of service with the court. Without proof of service, the court is left to conclude that Plaintiff has not completed service of the summons and complaint on any of the defendants named in his complaint, despite being provided with roughly eight months to do so.

The court recognizes that Plaintiff is proceeding pro se in this case. However, that does not excuse him from complying with the basic requirements of the Federal Rules of Civil Procedure, including the requirements relating to service of process. *See, e.g.*, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Based upon the foregoing, and consistent with the court's notice to Plaintiff in the November 30, 2007 order, **IT IS HEREBY RECOMMENDED** that this case be **DISMISSED**, without prejudice, pursuant to rule 4(m). *See* Fed. R. Civ. P. 4(m).

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1)(C). The parties must file any objection to this Report and Recommendation within ten days after receiving it. *See id*. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 28th day of February, 2008.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge